**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WARREN MORRIS,** | : | CIVIL NO. 1:CV-04-2617 |
| **Plaintiff,** | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| **LORILLARD, ET AL.,** | : | |
| **Defendants** | : | |

**MEMORANDUM**

Presently before the court is defendant Dougherty's motion to dismiss (Doc. 15-1) plaintiff Warren Morris' ("Morris") 42 U.S.C. §1983 action. (Doc. 1). For the reasons set forth below, the motion will be granted.

**I. Allegations of the complaint**

Morris alleges he is a nonsmoker in excellent health who has developed asthma as a result of being exposed to second hand smoke. It is his contention that the defendants have failed to enforce the nonsmoking policy. The only allegation against defendant Dougherty is that he "is in charge of the commissary and any purchases of the items in the commissary." (Doc. 1, p. 2).

**II. Standard of Review**

In evaluating whether a claim is subject to dismissal, the court must accept all material allegations of the complaint as true and construe all inferences in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 44-46 (1957); Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988). A complaint that sets out facts which affirmatively demonstrate that the Plaintiff has no right to recover is properly dismissed without leave to amend. Estelle v. Gamble, 429 U.S. 97, 107-108 (1976). Thus, we accept the truth of the plaintiff's factual

allegations, White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990), and decide in reviewing the complaint "whether under any reasonable reading of the pleadings, plaintiff may be entitled to relief." Simon v. Cebrick, 53 F.3d 17, 19 (3d Cir. 1995).

**III. Discussion**

Morris alleges that he was exposed to second hand smoke due to defendants' failure to enforce the nonsmoking policy. Defendant Dougherty, the business manager, seeks to dismiss the complaint for failure to allege personal involvement.

To state a viable claim under 42 U.S.C. § 1983, the plaintiff must allege that the defendant, while acting under color of state law, deprived the plaintiff of a right, privilege or immunity secured by the Constitution of the United States. See 42 U.S.C. § 1983; see also, West v. Atkins, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . Personal involvement may be shown through allegations of personal direction or actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988). Each defendant must have been personally involved in the events or occurrences which underlie a claim. See Atkinson v. Taylor, 316 F.3d 257 (3d Cir. 2003); Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. Rode, 845 F.2d at 1207-08.

Clearly, Morris' allegation that defendant Dougherty is in charge of the commissary is insufficient to establish personal involvement in the underlying Eighth Amendment claim. Further, based on the subjective factor criteria necessary to establish an Eighth Amendment violation, *i.e.* deliberate indifference,[1] it is concluded that providing an opportunity to amend the complaint as to this

---

[1] In Helling v. McKinney, 509 U.S. 25, 35 (1993), the Supreme Court held that an Eighth Amendment claim could be based upon possible future harm to health, as well as present harm,

defendant would be futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.2002).

## IV. Order

**AND NOW**, this 31st day of March 2006, upon consideration of defendant's motion to dismiss the complaint(Doc. 15), it is hereby **ORDERED** that:

1. Defendant's motion to dismiss (Doc. 15) is GRANTED, and the complaint is dismissed as to defendant Dougherty.

2. Any appeal from this order is DEEMED frivolous and not taken in good faith. See 28 U.S.C. §1915(a)(3).

    S/ Yvette Kane
Yvette Kane
United States District Judge

---

arising from exposure to environmental tobacco smoke ("ETS"). As for the objective factor, the prisoner must show that he himself is being exposed to unreasonably high levels of ETS. Id. The subjective factor requires the prisoner to show that prison authorities demonstrated a "deliberate indifference" to his plight. Id.